CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 12 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| FRANK G. FELLOWS, | ) | CASE NO. 3:05CV0056 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 13, 2003 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand the case for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will recommend that an order enter REVERSING the final agency decision but REMANDING the case to the Commissioner for further proceedings.

In a decision dated January 19, 2005, an Administrative Law Judge ("Law Judge") found that plaintiff met the special earnings requirements of the Act on March 15, 2003, the alleged period of disability onset, and continued to meet them through the date of his decision. (R. 15, 21.) He also found that plaintiff was 47[1] years old at the time of the decision,

---

[1] The undersigned observes that the plaintiff was not 47 years old at the time of the proceedings before the Law Judge as he noted in his decision. (R. 15.) The record shows he was born November 11, 1947 which would have made him 57 years old at the time of the

with more than a high school education and past relevant work as a social worker, and that he suffered physical impairments which were "severe" under the Commissioner's regulations. (R. 21.)[2] However, the Law Judge did not totally credit plaintiff's allegations concerning the disabling effects of his impairments and concluded that he retained the capacity to lift/carry 25 pounds occasionally, stand/walk between 4 and 6 hours in an 8-hour day, sit for between 4 and 6 hours and occasionally push/pull/stoop/reach/balance/crouch and crawl. (R. 20, 21.) Finding that plaintiff's past relevant work was not precluded by this residual functional capacity, the Law Judge determined that plaintiff was not disabled under the Act because he could perform his past relevant work. (R. 21.) Accordingly, the Law Judge denied plaintiff's claim at that level of the sequential evaluation. (*Id.*)

Plaintiff appealed the decision to the Appeals Council. The Council found no reason to review the Law Judge's decision, denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 4-6.) This action ensued.

Plaintiff takes the position that the Law Judge simply ignored plaintiff's non-exertional limitations when, on the one hand, he purportedly gave controlling weight to the evidence offered by Charles E. Buehler, M.D., one of plaintiff's treating doctors, but failed to credit the portion of his evidence which demonstrated that plaintiff suffered limitations which not

---

administrative hearing on November 24, 2004. ( R. 25-26.) According to the regulations, this placed him in the "advanced age" category which, as a matter of law, "significantly affects a person's ability to adjust to other work." *See* 20 C.F.R. § 404.1563(e).

[2]The Law Judge made no specific findings concerning the precise impairments suffered by the plaintiff, though he seems to have acknowledged that plaintiff suffered "severe triple vessel artery disease with occlusion" for which he underwent bypass surgery. (R. 15-16.) He also observed that plaintiff had been treated for depression and a "collapse of the lumbar spine at L4-5," for which conservative treatment was prescribed. (R. 17.)

2

only foreclosed work at the exertional levels found by the Law Judge, but which would render plaintiff unable to perform any substantial gainful activity according to the vocational evidence. (R. 44.)

The Commissioner takes the position, in her brief, that the substantial evidence supports the Law Judge's determination of plaintiff's residual functional capacity. While she acknowledges that plaintiff's treating doctor checked boxes on his capacities evaluation revealing that plaintiff suffered limitations on his ability to work and concentrate without interruption because of pain which requires plaintiff to rest at unpredictable times and for unpredictable periods during the work day, the Commissioner offers that Dr. Buehler never opined that these limitations would interfere with is ability to perform day-to-day work, eight hours per day, five days per week. (Def's Brief at 16.) Thus, the Commissioner takes the position that it was quite reasonable for the Law Judge to have interpreted Buehler's report to reveal that plaintiff had the exertional capacity to perform light work eight hours per day, five days per week. (*Id.* at 17.)

The undersigned is of the view that when, as here, a Law Judge gives "controlling weight" to a treating physician's evidence, he then cannot selectively apply only those portions of that evidence which justify a determination contrary to the vocational evidence which accounted for all the limitations offered by the treating source. The Commissioner asks the court accept an interpretation of Dr. Buehler's evidence which basically de-constructs the words actually used and, then, reconstructs them in a way which avoids the effect of the "controlling weight" apparently assigned to the evidence in the first place.

This is unacceptable on this record because the undersigned believes that Dr. Buehler's report reasonably can be read only one way, that he first assessed plaintiff's exertional

3

capacity from a medical viewpoint, which certainly allows for light work, and then revealed the non-exertional limitations on that functional capacity. Whether Dr. Buehler does not go further to opine on the vocational effects of his assessment is of no moment, for that is what vocational evidence is designed to do, and here the VE offered that assessment in her testimony, namely that those limitations foreclosed gainful activity. (R. 43-45.)

That same treating evidence which was given "controlling weight" by the Law Judge also dispels any notion that plaintiff's complaints about the effects of his maladies are less than fully credible. This is so because the Dr. Buehler, who was credited by the Law Judge, essentially corroborates plaintiff's testimony concerning his subjective symptoms. The Law Judge's findings to the contrary do not specifically explain this anomaly nor are they supported by the substantial evidence in the record as a whole.

In arriving at these conclusions, the undersigned is aware that the Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527- 404.1545 and 416.927-404.945; *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. §§ 404.1527 and 416.927; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). Here, however, by accepting the treating source evidence as controlling, the Law Judge, and then the Commissioner by adopting his findings,

4

made a determination which resolved otherwise critical conflicts in the medical record favorably to the plaintiff. Any effort then to side-step or avoid the vocational impact of that determination was erroneous and not supported by substantial evidence.

The question, then, becomes whether to remand the case for further proceedings or reverse outright. The Law Judge certainly ceased the inquiry at the fourth (past relevant work) level of the sequential evaluation after having chosen to solicit vocational evidence which addressed both plaintiff's past relevant work and any other work available to him considering all his maladies and their effects. *See* 20 C.F.R. § 404.1560(b)(2). Believing that the Commissioner should be given an opportunity to consider this claim further in light of the court's action on judicial review, the undersigned finds there is good cause to remand the case to the Commissioner for further proceedings in which .

Accordingly, it is RECOMMENDED that an order enter REVERSING the final agency decision, but REMANDING the case to the Commissioner for further proceedings at the final two levels of the sequential evaluation. The order should direct that should the Commissioner be unable to grant benefits, in whole or in part, on the extant record, she is to recommit the case for further proceedings before a Law Judge in which both sides would be entitled to introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the

parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U. S. Magistrate Judge

April 12, 2006
Date