

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

FRANK G. FELLOWS,

Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

Defendant.

CIVIL ACTION No. 3:05-CV-00056

ORDER AND OPINION

JUDGE NORMAN K. MOON

By standing order of the Court, this case was referred to the Honorable B. Waugh Crigler

United States Magistrate Judge, for proposed findings of fact and a recommended disposition.

The Magistrate filed his Report on April 12, 2006, recommending that this Court reverse the

final agency decision and remand the case to the Commissioner for further proceedings.

Defendant filed objections to this report on May 1, 2006. Said objections having been timely and

appropriately lodged, this Court must undertake a *de novo* review with respect to those portions

of the Report to which objections were made. 28 U.S.C.A. § 636(b)(1); *Orpiano v. Johnson*, 687

F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the objections, the supporting

memoranda, the applicable law, the documented record, and the Report and Recommendation,

this Court OVERRULES all objections and ADOPTS the Report and Recommendation.

The Commissioner objects to the Magistrate Judge's Report and Recommendation on the

1

ground that the Report erred in finding that the ALJ ended the sequential evaluation of disability at the fourth step. Defendant also argues that the Report also erred in adopting a hypothetical question presented to the vocational expert as an accurate representation of Plaintiff's limitations, rather than allowing the ALJ to determine Plaintiff's functional capacity. Further, the Commissioner notes that, to the extent that the testimony in the record is in conflict, it is the responsibility of the ALJ and not the court to resolve that conflict.

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The Fourth Circuit has elaborated on this definition, explaining that substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is not the province of the reviewing court to re-weigh the evidence or substitute its own credibility judgments for those of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). However, the ALJ must analyze all evidence and sufficiently explain the weight he has given to obviously probative exhibits. *Gordon v. Schweiker*, 725 F.2d 231, 235-36 (4th Cir. 1984). *See also Smith v. Schweiker*, 671 F.2d 789, 793 (3rd Cir. 1982) (holding that an ALJ may not ignore conflicting evidence but must explain his reasons for rejecting it).

The ALJ may give controlling weight to a treating source's opinion where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

2

inconsistent with other evidence in the record. 20 C.F.R § 404.1527(d)(2). Even when the ALJ gives a medical opinion controlling weight, however, the decision as to whether the patient is actually disabled is reserved for the Comissioner. 20 C.F.R. 404.1527(e)(1).

Defendant's first and second objections to the Report and Recommendation are of no moment. The basis of the Magistrate Judge's decision to remand was not the ALJ's failure to reach the fifth step in the evaluation, but rather his selective reading of Dr. Buehler's opinion despite his decision to give it controlling weight. Whether or not the Magistrate Judge was correct that the ALJ ended his review at the fourth step of the evaluation, it was the ALJ's actions at this step and not at the fifth that necessitate remand. By the same token, the report relied not on the question of Plaintiff's counsel to the vocation expert, but rather on Dr. Buehler's opinion that Plaintiff could reasonably be expected to suffer significant pain during a workday and require unpredictable or lengthy periods of rest. (R.221).

Defendant also argues that, to the extent there is any conflict in the evidence, it is the province of the ALJ and not the court to resolve it. Although this is certainly true, the ALJ must nonetheless explain his reasons for preferring one piece of evidence over another. *See Gordon*, 725 F.2d at 235-36; *Smith*, 671 F.2d at 793 . In considering Dr. Buehler's Physical Limitations Assessment, the ALJ noted its findings as to Plaintiff's ability to lift, carry, stand, walk, sit, stoop, balance, and crouch; however, the ALJ failed to mention or consider its opinion regarding Plaintiff's pain and his potential need for unpredictable and lengthy rest periods. (R. 17, 20). Although the Commissioner now argues that the ALJ interpreted Dr. Buehler's form to mean that Plaintiff would "infrequently" require periods of rest, this interpretation is nowhere visible in the ALJ's findings or determination. Indeed, it is not clear whether or to what extent he considered

3

this element of Dr. Buehler's opinion. When questioning the vocational expert, the ALJ stated that he would presume those periods were "infrequent" (R. 42), but his determination fails to explain how he reached this conclusion. In light of the fact that the ALJ gave Dr. Buehler's opinion controlling weight yet disregarded a crucial aspect of it without any apparent explanation, the Court must remand this case for further consideration at the final two levels of evaluation. If the Commissioner is unable to grant benefits, in whole or in part, on the extant record, she is directed to recommit the case for further proceedings before a law Judge in which both sides would be entitled to introduce additional evidence.

The Court therefore OVERRULES the plaintiff's objections and ORDERS that the Report and Recommendation of the United States Magistrate Judge filed April 12, 2006, shall be, and hereby is, ADOPTED in its entirety.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _Numu L Mom_

U.S. District Court Judge

DATE: _June 30, 2006_

4